

# The Attorney General of Texas

December 21, 1984

."M MATTOX
/ torney General

{ preme Court Building
}. O. Box 12548
Austin, TX. 78711- 2548
f^2/475-2501
1 lex 910/874-1367
\..ecopier 512/475-0266

7 4 Jackson, Suite 700
L..llas. TX. 75202-4506
214/742-8944

\..24 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
P^5/533-3484

1001 Texas, Suite 700
'' uston, TX. 77002-3111
3/223-5886

''6 Broadway, Suite 312
ibbock, TX. 79401-3479
ou6/747-5238

l09 N. Tenth, Suite B
..cAllen, TX. 78501-1685
512/682-4547

..J0 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
^12/225-4191

An Equal Opportunity/
'fllrmative Action Employer

Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas   77002

Opinion No.   JM-266

Re:    Whether   a   district
attorney is subject to the
Open Records Act

Dear Mr. Holmes:

You have informed us that two inmates at the Texas Department of Corrections "have each requested copies of the entire file or files pertaining to themselves which might be held in the [Harris County] district attorney's office." You have asked whether the district attorney must release these files. You argue that the Open Records Act, article 6252-17a, V.T.C.S., does not require him to do so because: (1) the office of the district attorney is part of the judicial department of state government created by article V of the Texas Constitution and therefore is within the judiciary exception to the definition of "governmental body" contained in section 2(1) of the act; (2) the district attorney's office is not a "record-generating agency," and "documents held by it that are public records should be obtained from the agency that is the legal custodian of said records"; and (3) the files are excepted from required disclosure under sections 3(a)(1), 3(a)(3), 3(a)(7), and 3(a)(8) of the act.

In response to your first argument, it is true that the office of the district attorney is part of the judicial department created by article V of the Texas Constitution. This does not mean, however, that this office is within the judiciary exception to the Open Records Act.

The office of county sheriff is also within the judicial department of state government. Tex. Const. art. V, §23. Nevertheless, in Open Records Decision No. 78 (1975), this office held that the office of sheriff is within section 2(1)(F) of the Open Records Act, which defines "governmental body" to include "the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds," and that it is not within the section 2(1)(G) judiciary exception. The decision reasoned as follows:

> The office of sheriff is created under the
> judicial article of the Constitution . . . and is
> a part of the judicial department of the State
> government. See State v. Moore, 57 Tex. 307
> (1882). The Open Records Act in section 2(1)(G)
> excludes 'the Judiciary' from the definition of
> governmental body; however, we do not believe this
> exclusion operates here to remove the sheriff from
> the coverage of the Act. It is our opinion that
> the Legislature did not use the term 'judiciary'
> to denote all those persons who are in the
> judicial department. Thus, it is our view that a
> district court would be excluded from the opera-
> tion of the Act, while the Sheriff would not. The
> Legislature's specific inclusion of commissioners
> courts in the Act reinforces this view since
> commissioners courts are also created in the
> judicial article of the Constitution.

In Benavides v. Lee, 665 S.W.2d 151 (Tex. Civ. App. - San Antonio
1983, no writ), moreover, the San Antonio Court of Appeals construed
the judiciary exception. Benavides involved an appeal from a district
court order granting a writ of mandamus under the Open Records Act.
The district court had ordered a member of the Webb County Juvenile
Board to release those parts of resumes containing the qualifications
of applicants for the position of chief juvenile probation officer.
The board, however, sought to have the order overturned, arguing that
the board was an extension of the judiciary and therefore was not
subject to the act. The court of appeals disagreed, stating:

> Appellant suggests that the Board is an exten-
> sion of the judiciary because the duties of the
> juvenile probation officer for which that officer
> answers directly to the Board are entwined with
> the functions of the judiciary. Furthermore, all
> the Board members are members of the judiciary
> except for the county judge who has both judicial
> and non-judicial functions.

> Analysis should focus not on the functions of
> the probation officer but on the Board itself and
> the kind of information requested. Since the
> applicant information was collected and used by
> the Board, the nature of the Board in part
> determines the applicability of the Open Records
> Act to Board records. The Board is not a court.
> A separate entity, the juvenile court, not the
> Board, exists to adjudicate matters concerning

> juveniles.  **Nor is the Board directly controlled or supervised by a court.**
>
> Moreover, simply because the Legislature chose judges as Board members, art. 5139JJJ, §1, does not in itself indicate they perform on the Board as members of the judiciary.  Board members are paid a separate salary for their Board work in addition to their salaries as judges.  **Furthermore, classification of the Board as judicial or not depends on the functions of the Board,** not on members' service elsewhere in government.  **The Board's role** as described in art. 5139JJJ **is exclusively administrative. . . .**
>
> The judiciary exception, §2(1)(G), is important **to safeguard judicial proceedings and maintain the independence of the judicial branch of government,** preserving statutory and case law already governing access to judicial records.  **But it must not be extended to every governmental entity having any connection with the judiciary.  The intent of the Open Records Act must not be circumvented by an unnecessarily broad reading of the judiciary exclusion.**  (Emphasis added).

Using these guidelines, we conclude that the office of the district attorney is not within the judiciary exception.  This office is not a court, nor is it directly controlled or supervised by a court.  Its functions, moreover, are primarily executive, in the sense that its primary duty is to enforce the law.  Code Crim. Proc. art. 2.01.

In our opinion, the office of the district attorney, like the office of the county sheriff, clearly is supported by public funds and therefore is within the section 2(1)(F) portion of the definition of "governmental body" contained in the Open Records Act.  Because we are of the opinion that this office is not within the judiciary exception to that definition, we conclude that it is a governmental body within the meaning of the act.

In answer to your second argument, the fact that a request for public records might be more appropriately directed to a different governmental body does not mean that it can be dismissed by a governmental body to which it is properly directed.  Section 3(a) of the Open Records Act provides that

> [a]ll information collected, assembled, or maintained by governmental bodies pursuant to law or

> ordinance or in connection with the transaction of
> official business is public information.

We have already concluded that the office of district attorney is a
"governmental body," and the information you have provided convinces
us that the files in question constitute "public information" under
the foregoing definition. Unless they are excepted under section 3(a)
of the act, therefore, these files must be released.

We now turn to your section 3(a) arguments. First, we reject
your section 3(a)(3) argument. You contend that this section, the
litigation exception, applies because

> the files requested are records of final convic-
> tions but these convictions remain subject to
> collateral attack so long as an inmate is con-
> fined. A criminal defendant has standing to
> attack convictions which result from guilty pleas
> as well as jury trials by means of a writ of
> habeas corpus. Should inmates begin receiving
> free copies of files kept by the District
> Attorney's Office, the anticipation of litigation
> is very real and very reasonable.

You have, however, done no more than show that litigation could ensue
in one or more instances. Section 3(a)(3) is triggered, not when a
mere chance of litigation exists, but only when litigation concerning
a specific matter is either pending or reasonably anticipated. See,
e.g., Open Records Decision No. 331 (1982). Concrete evidence must be
adduced showing that the claim that litigation may ensue is more than
mere conjecture. Open Records Decision No. 328 (1982). In this
instance, you have furnished us with no concrete evidence indicating
that litigation regarding a specific matter is reasonably anticipated.

Section 3(a)(7) excepts information concerning

> matters in which the duty of the Attorney General
> of Texas or an attorney of a political sub-
> division, to his client, pursuant to the Rules and
> Canons of Ethics of the State Bar of Texas are
> prohibited from disclosure, or which by order of a
> court are prohibited from disclosure.

This section might be applicable in this instance. You have not,
however, cited any specific "Rules and Canons of Ethics" or court
orders which would be violated if information in the requested files
were released. Unless you do so within ten (10) days of the issuance
of this opinion, we will conclude that section 3(a)(7) is
inapplicable.

You also claim exceptions under sections 3(a)(1) and 3(a)(8). Section 3(a)(1), you assert, excepts the portions of the requested files which contain attorney work product, Code Crim. Proc. art. 39.14; Brem v. State, 571 S.W.2d 314 (Tex. Crim. App. 1978); information that would be tantamount to grand jury files, Code Crim. Proc. arts. 19.34, 20.02, 20.16; Open Records Decision No. 398 (1983); and information excepted under common law privacy, Billings v. Atkinson, 489 S.W.2d 858 (Tex. 1973). Section 3(a)(8), you contend, applies for the following reasons:

> The District Attorney's Office is a 'law enforcement agency' within the meaning of section 3(a)(8). Investigators who are peace officers are assigned to each felony District Court, the misdemeanor division, and the Special Crime Divisions. These investigators assist prosecutors in preparing evidence for trial. The files of the District Attorney frequently contain inter-office reports prepared by investigators for internal use.

Sections 3(a)(1) and 3(a)(8) very likely except from required disclosure some portions of the requested files. This office has repeatedly stated, however, that governmental entities which claim exceptions to the Open Records Act bear the burden of demonstrating, when such is not readily apparent, how and why those exceptions apply. In this instance, it is not at all apparent how sections 3(a)(1) or 3(a)(8) apply to some of the requested materials. What you deem "attorney work product," for example, is not clear, nor is it readily apparent how the release of some of these materials would "unduly interfere with law enforcement and crime prevention." See, e.g., Open Records Decision No. 297 (1981). Within ten (10) days of the issuance of this opinion, you must indicate which specific portions of the requested materials are, in your opinion, excepted from required disclosure under sections 3(a)(1) and 3(a)(8), and you must also indicate, where such is not readily apparent, why these sections apply. If you decline to do so, we will be compelled to conclude that these sections are not applicable.

In summary, therefore, the office of the district attorney of Harris County is a "governmental body" within the meaning of the Open Records Act. Within ten (10) days of the issuance of this opinion, you must demonstrate how and why sections 3(a)(1), 3(a)(7), and 3(a)(8) apply to specific portions of the files which have been requested. If such demonstration is not made within ten days, the files must be made available to the requestors.

## S U M M A R Y

The office of the district attorney is a "governmental body" within the meaning of the Open Records Act.

Very truly yours

**JIM  MATTOX**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton