

# The Attorney General of Texas

February 25, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Homer A. Foerster
Executive Director
State Purchasing & General
  Services Commission
P. O. Box 13047, Capitol Station
Austin, Texas    78711

Opinion No. JM-446

Re:  Accessibility under the
Texas Open Records Act of Texas
Supreme Court telephone records

Dear Mr. Foerster:

You ask whether it is your duty under the Open Records Act, article 6252-17a, V.T.C.S., to comply with the demand of a newspaper reporter that your office provide him "the records you have available of long-distance calls made from telephone numbers assigned to the state Supreme Court."

You state:

> The State Purchasing and General Services Commission, pursuant to its responsibilities under article 10 of article 601b, V.T.C.S., operates the Statewide Telecommunications System (STS), and the Capitol Area Centrex System here in the Capitol Complex.  In carrying out these duties the commission serves the supreme court as well as other state agencies and governmental bodies encompassed by section 10.07 of article 601b, supra.  The records accumulated by the commission to support its billing procedures are derived basically from data submitted by Southwestern Bell.

Your office also advises:

> We do not claim custody of agency records in our computer banks where we perform computer operations regarding these records.  (See our Rule section 119.1 and Attorney General Opinion H-621 (1975)).  Open Records requests for such records have to be filed with the individual agency.  It seems . . . that our telephone records are much

the same, and that requests for those records
should not come to us.

In our opinion, the State Purchasing and General Services
Commission is properly to be considered the agent of the Texas Supreme
Court in collecting the records and abstracting information from them,
and their disposition is the prerogative of the court, not of the
commission.  The information, as a record of the court, does not come
within the scope of the Open Records Act, because by the express
provision of section 2(1)(G) of article 6252-17a, V.T.C.S., the
judiciary is not included within the definition of governmental bodies
to which the act applies.  Of course, the court may make the informa-
tion public, if it chooses, without reference to the act.

Open Records Act exceptions or exclusions applicable to records
in the hands of the principal also apply to such records in the hands
of the agent.  Open Records Decision Nos. 398 (1983); 411 (1984),
stated that a district attorney held grand jury records as the
custodian or agent of the grand jury (a part of the judiciary within
the meaning of article 6252-17a), thus preventing public access under
the Open Records Act.  In Open Records Decision No. 401 (1983), it was
determined that government-generated computer tapes in the possession
of one agency are protected from disclosure by that agency unless the
programs "are of a type not protected from disclosure in the hands of
the forwarding governmental body."  And in Open Records Decision No.
287 (1981), the Dallas Police Department successfully asserted a
section 3(a)(11) exception to the disclosure of material passed to it
by a private agency with which the Texas Department of Human Resources
had contracted, because receiving it from the private agency was the
equivalent of receiving it from the DHR in whose hands it would be
confidential.

It is well established that confidential material can be
transferred between state agencies without losing its confidential
character under the Open Records Act.  See Attorney General Opinions
H-917 (1976) (files transferred to State Archives); H-836 (1976) (Air
Control Board information disclosed to state and local agencies but
not federal government).  In our opinion, where the real object of the
Open Records Act exceptions is to protect certain interests of a
governmental entity such as the judiciary, a physical transfer is not
necessary to invoke confidential status for information gathered by
one agency for the use and benefit of another agency in whose hands
the material would be protected.  Cf. Attorney General Opinions H-683
(1975); H-242 (1974); M-713 (1970).

Attorney General Opinion JM-119 (1983) discussed the Open Records
Act relationship of the chancellor of a community college district
(its chief administrative officer) to the district's board of
trustees.  Because section 5(a) of the Open Records Act names the

chief administrative officer of a governmental unit as the custodian of its records for purposes of the Act, the chancellor claimed power to deny a trustee access to district records. The opinion, after quoting portions of sections 3(a) and 5(a) of the Open Records Act, declared:

> The foregoing provisions establish that, although the custodian of public records for the Alamo Community College District is responsible for guarding, preserving, and caring for the district's records, these records are not within his exclusive possession and control. On the contrary, since the Act talks, in section 3(a), in terms of 'information collected, assembled, or maintained <u>by governmental bodies</u>' (emphasis added), these records must be deemed to be at least constructively in the possession and control of the board of trustees of the district. When he discharges his duty to preserve and guard these records, the custodian merely acts as an agent of the board who is, in effect, charged with the duty of preserving and guarding 'information . . . maintained by [the board].' Sec. 3(a). Furthermore, the determination of confidentiality is made by the 'governmental body.' Sec. 7(a).

Similar conclusions were reached in Attorney General Opinions H-115 (1973) and H-621 (1975). Both the latter opinions recognized that actual custody and physical control of records might be in an agent, but that ultimate responsibility for their Open Records Act release or nondisclosure to the public would remain in the governmental body whose records they were. Two later Open Record Decisions overruled aspects of Attorney General Opinion H-115 [Nos. 307, 338 (1982)], but they did not reach the "agency" question.

Open Records Decision No. 401 (1983) noted that section 4.01(a) of article 601b, V.T.C.S., enacted in 1979, makes the State Purchasing and General Services Commission "custodian of <u>all public personal property</u>" and "responsible for the proper care and protection of such property. . . ." (Emphasis added). The term "all public personal property" necessarily embraces all public records, yet no one suggests that the commission is the primary custodian of the records of other agencies for purposes of the Open Records Act. It plays a secondary, supportive, staff role or behalf of and for the benefit of other agencies.

The function of the State Purchasing and General Services Commission as an agent for other governmental units is seen most clearly in its purchasing operations, but the statutory provisions for telecommunications services support that idea, also. They specify

that the commission shall plan, establish and manage the system "for all state agencies." (Emphasis added). V.T.C.S. art. 601b, §10.02(a). The commission is charged with maintaining "records relating to the consolidated telecommunications system as necessary to enable the commission to analyze the cost effectiveness of the system to state agencies." (Emphasis added). Id. §10.03(b). And it is designated the agency of the state for obtaining telecommunication services. Id. §10.08.

In performing its telecommunications responsibilities, the commission is charged with a duty to "fulfill the telecommunications requirements of each state agency. . . ." V.T.C.S. art. 601b, §10.01(b). The billing information it collects or maintains in accomplishing this purpose should be considered records of the agency served, rather than its own, particularly if "the telecommunication requirements" of the agency include a measure of confidentiality for such information. Section 10.06(a) of article 601b requires the commission to develop a system of billings and charges which "allocates the total state cost to each entity serviced based on proportionate use," but this does not divest billing information of its character as primarily a record of the entity billed.

The question here is not whether a list of telephone calls can be considered "public information" under the Open Records Act. If the list were the record of a department or agency covered by the act, and if no exception allowed by the act applied, clearly it could be so considered. See Open Records Decision No. 40 (1975). But here we are dealing with records of a department to which the Open Records Act itself does not apply, and the act's specific exceptions (which are relevant only if the act would otherwise make the information public) as well as the act's definition of "public information" are therefore not pertinent. Once it has been determined that records sought are records of the judiciary, the Open Records Act is no longer controlling.

Of course, not every agency that interacts with the judiciary is the agent of the judiciary, acting for it and on its behalf in collecting, assembling, or maintaining information. See Benavides v. Lee, 665 S.W.2d 151 (Tex. App. - San Antonio 1983, no writ). Nor is every agency that sometimes acts as the agent of the judiciary to be considered as always doing so. Compare Open Records Decision Nos. 411 (1984) and 398 (1983) with Attorney General Opinion JM-266 (1984).

In the situation you have posed, however, we believe the State Purchasing and General Services Commission acts as agent for the Texas Supreme Court and that the release of such records is a matter of discretion for the court, not for your agency. The Open Records Act does not apply.

## S U M M A R Y

The release of telephone records of the Supreme Court of Texas is a matter of discretion for the court, not for the State Purchasing and General Services Commission, which acts as the court's agent in collecting such information.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General