

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 17, 1996

The Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas 77002-1901

Opinion No. DM-395

Re: Whether the meetings of judges to perform statutory functions with respect to the management of a community supervision and corrections department are subject to the Open Meetings Act, chapter 551, Government Code (RQ-840)

Dear Mr. Holmes:

You ask:

> Is the Harris County Committee of District and Statutory Judges [t]rying [c]riminal [c]ases overseeing the Community Supervision and Corrections Department subject to the Open Meetings Act when it meets to participate in the management of the Harris County Community Supervision and Corrections Department?

The Open Meetings Act (the "act"), chapter 551, Government Code, requires that, except as provided therein, "[e]very regular, special, or called meeting of a governmental body shall be open to the public." Gov't Code § 551.002. The act additionally provides for notice of meetings subject to the act and exceptions to the requirement that meetings be open to the public. *Id.* §§ 551.041, .071 - .104.

Provisions formerly in article 42.131, Code of Criminal Procedure, and recodified in 1995 without substantive change as chapter 76, Government Code, provide for the establishment of a Community Supervision and Corrections Department (a "CSCD"). Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 7.11, 1995 Tex. Sess. Law Serv. 458, 580-84. Section 76.002 provides that the district judge[1] or judges trying criminal cases in

---

[1]You ask about a committee of judges. We do not address here situations where one district judge performs chapter 76 duties.

each judicial district shall establish a CSCD and "employ"[2] district personnel as necessary to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision (formerly known as "probation"), enforce the conditions of community supervision, and staff community corrections facilities.  The section also authorizes both district judges trying criminal cases and the judges of statutory county courts trying criminal cases that are served by a CSCD "to participate in the management" of the CSCD.  Section 76.004 directs the district judges to appoint a director of the CSCD, who in turn "employs"[3] other CSCD officers and staff.  In addition to county support—Gov't Code § 76.008—the district judges may expend district funds to provide CSCD facilities under the conditions set out in section 76.009.  The district judges may additionally authorize the expenditure of funds provided the CSCD by the Community Justice Assistance Division of the Texas Board of Criminal Justice for community corrections facilities subject to the limitations in section 76.010.

The question here is whether the meetings of the judges you ask about in connection with the CSCD are "meetings" of "governmental bodies" within the terms of and subject to the act.  "Meeting" is defined in section 551.001(4) of the act as deliberation of a governmental body in which public business or policy over which the governmental body has supervision or control is discussed or in which formal action is taken.  We think it clear that when the judges you ask about meet to establish a CSCD, appoint a CSCD director, or consider expenditures of funds for CSCD purposes they are either taking formal action or deliberating over public business within the definition of "meeting."  But do the judges meeting in such context constitute a "governmental body" under the act?

"Governmental body" under section 551.001(3) of the act means:

(A) a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members;

(B) a county commissioners court in the state;

(C) a municipal governing body in the state;

---

[2]Attorney General Opinion DM-208 concluded that the provisions now in section 76.002 empowered the district judges to "compensate" but not to hire such personnel, since section 76.004 authorizes the department director, himself appointed by the district judges, to "employ" department personnel.  Attorney General Opinion DM-208 (1993) at 5.

[3]See supra note 2.

(D) a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality;

(E) a school district board of trustees;

(F) a county board of school trustees;

(G) a county board of education;

(H). the governing body of a special district created by law;

(I) [certain nonprofit water supply and wastewater companies].

In 1987, Attorney General Opinion JM-740 concluded that a meeting of district judges under provisions now in Local Government Code section 84.005 to appoint a county auditor was not subject to the act because the appointing judges did not constitute a "governmental body" under any of the definitions in the act. Attorney General Opinion JM-740 (1987) at 4. The conclusion of Attorney General Opinion JM-740 suggests that the meetings of judges you ask about in connection with the CSCD may not be subject to the act.

You argue that the committee of judges here, under the reading the Austin court of appeals gave the section 551.001(3)(H) definition of governmental body as the governing body of a "special district" in *Sierra Club v. Austin Transportation Study Policy Advisory Committee*, 746 S.W.2d 298 (Tex. App.--Austin 1988, writ denied), is a governmental body under that provision and that their meetings are therefore subject to the requirements of the act. The *Sierra Club* court ruled that the Austin Transportation Study Policy Advisory Committee ("ATSPAC"), a seventeen-member committee consisting of state, county, regional, and municipal public officials, created pursuant to federal law to enable federal, state, and local cooperation in highway planning, was a governing body of a "special district" under the definition of "governmental body" now set out in section 551.001(3)(H) of the act. The court quoted the following broad definition of "special district" in *Black's Law Dictionary*:

A limited governmental structure created to bypass normal borrowing limitations, to insulate certain activities from traditional political influence, to allocate functions to entities reflecting particular expertise, to provide services in otherwise unincorporated areas, or to accomplish a primarily local benefit or improvement, *e.g.*, parks and planning, mosquito control, sewage removal.

BLACK'S LAW DICTIONARY 1253 (5th ed. 1979).

Emphasizing the importance of the decision-making function of ATSPAC in determining highway development in the central Texas area and finding that ATSPAC was designed to "accomplish a primarily local benefit or improvement," in the words of the *Black's* definition of "special district," the court stated that ATSPAC was "just the sort of body the Open Meetings Act was designed to govern." *Sierra Club*, 746 S.W.2d at 301. It concluded that ATSPAC should be considered as the governing body of a "special district" within the definition of "governmental bodies" subject to the act. *See generally* Attorney General Opinion JM-1185 (1990) at 7. We agree that the reading the *Sierra Club* court gave the "special district" component of the act's definition of "governmental body" is broad enough to include the committee of judges you ask about here. The CSCD it manages is territorially limited to the judicial district, thus of a local nature, per the *Black's* definition of "special district" relied on in *Sierra Club*; and its control over the CSCD directorship and CSCD finances, as well as its general managerial function with respect to the CSCD, makes it, we think, a "governing body" of such special district within the act's definition.

We note at this juncture that it could be argued that the judges' meetings here are "within the judicial branch of state government" and therefore not covered by the act. Again, section 551.001(3)(A) provides that a committee "within the executive or legislative branch of state government" is a "governmental body" subject to the act, arguably implying that a committee within the *judicial* branch of state government was not intended to be covered. This result would be consistent with Attorney General Opinion JM-740, which dealt with district judges' meetings to appoint a county auditor, although the rationale that such judges' meetings were ones within the judicial branch of state government and therefore excluded from the act's coverage was not expressly given in that opinion. However, a 1984 San Antonio court of appeals case in the analogous area of open records law, *Benavides v. Lee*, 665 S.W.2d 151 (Tex. App.--San Antonio 1983, no writ), suggests to us that a court would probably not find such argument persuasive.

*Benavides* dealt with the question whether the specific exclusion of the "judiciary" from governmental bodies subject to the Open Records Act, now in section 552.003(1)(b), Government Code, excepted resumes of applicants for the position of juvenile probation officer in the hands of a juvenile board composed of members of the judiciary and the county judge. The Open Records Act, which provides, with certain exceptions, for public access to records of "governmental bodies" is codified as chapter 552, Government Code. Finding that the board's selection of a probation officer "is simply part of the Board's administration of the juvenile probation system, not a judicial act by a judicial body," and stating that the "judiciary exception" under the act "must not be extended to every governmental entity having any connection with the judiciary," the *Benavides* court held the board a governmental body subject to the act, thus requiring public release of the requested record. *Id.* at 152; *see also, e.g.,* Open Records Decisions Nos. 417 (1984) at 1, 527 (1989) at 3 (relying on *Benavides*).

We believe, in light of *Benavides'* treatment of the group of judges making up the juvenile board under the analogous provisions of the Open Records Act, that a court would probably characterize the statutory functions of the committee of judges here with respect to the CSCD--the appointment of the CSCD director and approval of CSCD expenditures--as administrative rather than judicial. Therefore, even if the committee you asked about could be considered one "within . . . state government"--and we do not reach this issue here--we do not believe it should be considered one within the "judicial branch of state government." Thus, we do not think that a court would be persuaded by the argument that the committee here is one within the judicial branch of state government and is implicitly excluded from the coverage of the act.

In conclusion, we believe that the broad construction given the "special district" component of the act's definition of a "governmental body" subject to the act in the *Sierra Club* opinion, discussed above, indicates that a court would find the committee of judges you ask about within that definition and thus subject to the act when it meets to perform its statutory functions in connection with the CSCD.

## S U M M A R Y

The meetings of judges to perform statutory functions with respect to the management of a Community Supervision and Corrections Department are subject to the Open Meetings Act, chapter 551, Government Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General