

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 25, 2007

The Honorable Carlos Valdez
105th Judicial District District Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. GA-0504

Re: Whether a group of local officials called the Jail Population Control Committee is subject to the Open Meetings Act, Government Code chapter 551 (RQ-0505-GA)

Dear Mr. Valdez:

You ask whether the Open Meetings Act, Government Code chapter 551 ("the Act"), applies to a meeting of a group that includes several district judges.[1] Your question relates to a group of elected and appointed officials and public employees who call themselves the Jail Population Control Committee (the "Committee"). Request Letter, *supra* note 1, at 1.

You indicate that the Committee was formed several years ago at the initiative of the presiding judge of the local council of judges. *See id.* It is a voluntary association of city and county officials and employees, including representatives from the district courts, the county courts, the commissioners court, the county clerk's office, the sheriff's department, the local police department, the City of Corpus Christi, the municipal court, the offices of the county and district attorneys, and other departments that may have information useful in monitoring the jail population. *See id.* Its membership is not fixed at a certain number, and attendance varies from month to month. *See id.* The group meets each month for the sole purpose of sharing information about the jail population and "to monitor the population to avoid problems." *Id.* at 2. You state that the group has no power to supervise anyone or to issue orders, nor does it have enforcement or quasi-judicial authority over any person. *See id.*

You are particularly concerned about a meeting of the Committee on June 20, 2006. *See id.* The district judge who chairs the Committee called an emergency meeting to address concerns about the Nueces County jail, notifying only the district judges, the county court at law judges, and the county sheriff.[2] The meeting was attended by the district judges, the sheriff, and the sheriff's chief

---

[1]*See* Letter from Honorable Carlos Valdez, District Attorney, 105th Judicial District, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 27, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Memorandum from Honorable Nanette Hasette, District Judge, 28th Judicial District, to All District Judges, All County Court at Law Judges, and Sheriff Rebecca L. Stutts (June 16, 2006) (attached to Request Letter, *supra* note 1).

deputy, and its purpose was to view photographs depicting living conditions at the jail. *See id.* The local media appeared at the meeting and asked to be allowed to attend it, but the presiding judge denied this request and held a portion of the meeting behind closed doors. *Id.* In connection with these facts, you ask the following question:

> Is a group of elected officials, appointed officials and government employees who call themselves the Jail Population Control Committee and who meet on a regular basis to monitor the county jail population and to share information with each other required to comply with the provisions of the Open Meetings Act?

*Id.* at 1.[3]

The Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). To be subject to the Act, an entity must be a "governmental body" as that term is defined in the Act. *See id.* § 551.001(3) (defining "governmental body"), *Sierra Club v. Austin Transp. Study Policy Advisory Comm.*, 746 S.W.2d 298, 300–01 (Tex. App.—Austin 1988, writ denied) (construing "special district," defined as a "governmental body" in the Act, to include a committee of state, county, regional and municipal public officials established pursuant to federal law); Tex. Att'y Gen. Op. No. DM-395 (1996) at 4–5 (a committee of judges exercising statutory duties with respect to a community supervision and corrections department is a "special district" within the Act).[4] In addition, an entity must conduct "meetings" as the Act defines this term. A "meeting" includes several elements, but for purposes of your question, the significant element is that a "meeting" concerns the "public business or public policy over which the governmental body has supervision or control." TEX. GOV'T CODE ANN. § 551.001(4)(A) (Vernon 2004).

---

[3]A brief suggests that the June 20 meeting was actually a meeting of judges during which they performed administrative, as opposed to judicial functions. *See* Brief from Jorge C. Rangel, The Rangel Law Firm, P.C., to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (Aug. 18, 2006) (on file with the Opinion Committee). Because the brief provides no information indicating that any administrative functions were performed, we have accepted the requestor's characterization of the meeting.

[4]Attorney General Opinion DM-395 based its conclusion on *Sierra Club* and on the distinction in *Benavides v. Lee* between a judge's judicial functions and his administrative functions for purposes of the Open Records Act, now the Public Information Act. *See* Tex. Att'y Gen. Op. No. DM-395 (1996) at 4–5 (citing *Benavides v. Lee*, 665 S.W.2d 151, 152 (Tex. App.—San Antonio 1983, no writ)); TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 2004 & Supp. 2006) (Texas Public Information Act). This office subsequently issued Open Records Decision 657, which relied on the distinction between the judicial and administrative functions of the judiciary to conclude that records of telephone calls to Texas Supreme Court justices and their staff members were public records under the Public Information Act. *See* Tex. Att'y Gen. ORD-657 (1997) at 1, 4–5. The Texas Supreme Court issued an order stating that Open Records Decision 657 was incorrect and rejecting its distinction between a court's administrative and judicial functions. *See* Order and Opinion Denying Request Under Open Records Act, at 1–6, 1997 WL 583726 (per curium) (not designated for publication) (Tex. Sup. Ct. Order No. 97-9141). The supreme court's rejection of the distinction between a judge's administrative and judicial functions raises an issue as to the correctness of Attorney General Opinion DM-395. We need not reach this issue, because we base our conclusion on the meaning of "meeting" rather than "governmental body."

Based on the information you have provided us, the Committee does not include a quorum of a commissioners court or a municipal governing body, and it is accordingly not subject to the Act as one of these entities. *See id.* § 551.001(3)(B)–(C). The Committee was not created by law. It has no statutory authority or duties, nor does it exercise supervision or control over public business or public policy. Despite its title, "Jail Population and Control Committee," the Committee has no control over the county jail or its population. It is the commissioners court's duty to "provide safe and suitable jails for the county," while the county sheriff "is the keeper of the county jail [and] . . . shall safely keep all prisoners committed to the jail by a lawful authority, subject to an order of the proper court." TEX. LOC. GOV'T CODE ANN. §§ 351.001(a), .041(a) (Vernon 2005). Each county jail must comply with the minimum standards for county jails set by Local Government Code chapter 351, subchapter A and with "the rules and procedures of the Commission on Jail Standards." *Id.* § 351.002. Each county must submit to the commission a jail population report every month. *See* TEX. GOV'T CODE ANN. 511.0101(a) (Vernon 2004). If the report shows that the county jail has been operated in excess of its capacity for three consecutive months, "the commission may consider adoption of an order to prohibit confinement of prisoners in the county jail under Section 511.012." *Id.* § 511.0101(b), *see id.* § 511.012(b) (on issuance of commission's order, the sheriff must transfer to another facility the number of prisoners necessary to bring the county jail into compliance). Thus, authority to control the jail and its population is vested in the commissioners court, the sheriff, and the Commission on Jail Standards, not in the Committee.

A brief alleges that several judges at the meeting ordered the sheriff to take immediate action to address jail conditions, stating that they had supervisory authority to make the commissioners court act.[5] The Texas Constitution provides that "[t]he District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." TEX. CONST. art. V, § 8; *see* TEX. GOV'T CODE ANN. § 24.020 (Vernon 2004) (tracking Texas Constitution article V, section 8). However, a district court's "general supervisory control" over a commissioners court exists only when the district court's jurisdiction is properly invoked by the filing of a lawsuit. *See Hooten v. Enriquez*, 863 S.W.2d 522, 528 n.7 (Tex. App.—El Paso 1993, no writ) (citation omitted). Nor does the Committee have the authority to order the sheriff to take action, although it could offer him advice. Thus, the judges' remarks at the meeting do not indicate that any supervision or control over public business or public policy is vested in the Committee. An advisory committee without authority to control or supervise public business or policy does not hold "meetings" under the Act and thus is not subject to the Act. *See* Tex. Att'y Gen. Op. No. GA-0232 (2004) at 3–5.

In conclusion, the Committee does not supervise or control public business or public policy and is accordingly not subject to the Open Meetings Act. The Committee may, of course, open its meetings to the public if it wishes to do so.

---

[5]*See* Brief from Joel R. White, Attorney at Law, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Aug. 21, 2006) (on file with the Opinion Committee).

## S U M M A R Y

A group of elected and appointed officials and public employees in Nueces County who call themselves the Jail Population Control Committee and meet to share information about jail conditions does not supervise or control public business or public policy and is accordingly not subject to the Open Meetings Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee